UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
COREY DAVIS,

                 Plaintiff,

   -against-

WARDEN DUKE TERRELL-Metropolitan
Detention Center, Warden - Westchester County
Detention Center, WARDEN WAYNE T.
SALISBURY-Central Falls Detention Facility
Corporation, WARDEN FORD-Bridgeport
Correctional Center, U.S. Marshals Service,
District of Connecticut, Warden-MacDougal
Walker State Prison, New York City Police
Department,
                 Defendants.
----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER

10-MC-292 (ARR)

ROSS, United States District Judge.

On April 23, 2010, Corey Davis ("Davis"), currently incarcerated at the Metropolitan Detention Center ("MDC"), Brooklyn, filed this *pro se* motion pursuant to Rule 27 of the Federal Rules of Civil Procedure to preserve video surveillance, telephone recordings and other materials from various correctional facilities in New York and Connecticut and by the United States Marshals Service in Connecticut and by the New York City Police Department. The Clerk of Court has assigned a miscellaneous docket number to this matter as Davis does not have a civil action against any of the parties presently pending in this court.[1]

The court concludes that this motion does not satisfy the requirements for depositions to perpetuate testimony pursuant to Fed. R. Civ. P. 27. Indeed, Davis does not seek to conduct depositions, but rather to preserve evidence in anticipation of future litigation. Accordingly, this rule does not apply and Davis's motion against all the parties is denied.

---

[1] However, a criminal action is presently pending against Davis. See United States v. Davis, 10 CR 100 (JG).

To the extent Davis seeks to preserve evidence, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001) (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)). A party has notice when a complaint is filed, when the litigation is reasonably anticipated or where an administrative proceeding is commenced. Kronisch, 50 F.3d at 126 (duty to preserve evidence triggered when suit is filed); Scalera v. Electrograph Systems, Inc., 262 F.R.D. 162, 171 (E.D.N.Y. 2009) (duty to preserve evidence triggered by filing of EEOC charge); Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (same); Toussie v. County of Suffolk, No. 01 CV 6716, 2007 WL 4565160, at *7 (E.D.N.Y. Dec. 21, 2007) (duty to preserve evidence triggered by the anticipation by substantial number of key personnel).

It is unclear whether the Metropolitan Detention Center[2] had notice of any future litigation Davis intends to file and therefore any duty to preserve evidence. Davis alleges that he filed a Freedom of Information Act request upon the Federal Bureau of Prisons, but that no records were found and that he has "been unable to obtain a copy of the Bureau of Prisons retention policy." Plaintiff's Affirmation at 2. Davis's motion does not meet the requirements necessary to preserve evidence at this juncture and appears to be premature.[3] Nonetheless, in light of Davis's *pro se* status and solely to the extent venue would be proper in this district, the court directs Davis to file an affidavit or affirmation specifying whether MDC has notice that the evidence is relevant to litigation

---

[2] The court declines to address Davis's request as to the remaining parties as venue is not proper in this district.

[3] Should Davis file an civil action against the MDC, he may conduct discovery and avail himself of such procedures, if appropriate, to compel evidence and/or for any purported destruction of evidence. See, e.g., Fed. R. Civ. P. 37.

or should have known that the evidence may be relevant to future litigation as set forth above. Alternatively, Davis is granted twenty-one (21) days to provide such notice consistent with the above, and to file an affidavit or affirmation alerting the court to such notice.

Accordingly, this motion pursuant to Fed. R. Civ. P. 27 is denied. In the alternative, Davis's request to preserve evidence against the MDC is stayed for 21 days. Davis shall file an affidavit or affirmation in response to this order within 21 days. If Davis fails to respond to this order within the time allowed, this motion shall be denied in its entirety and the Clerk of Court shall be directed to close this matter.

SO ORDERED.

Dated: June 8, 2010
Brooklyn, New York

S/Judge Ross

Allyne R. Ross
United States District Judge

**Service List:**

Plaintiff (pro se):

Corey Davis
# 42898-053
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232